UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARY HANAMAN, | ) |
| Petitioner | ) ) ) |
| v. | ) ) Civil No. 06-98-P-C |
| MAINE CORRECTIONAL CENTER, | ) ) ) |
| Respondent | ) |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Mary Hanaman is serving a thirty-five year sentence at the Maine Correctional center after pleading guilty to murder. She has filed a 28 U.S.C. § 2254 petition seeking relief from that conviction. The State of Maine has filed a motion to dismiss her petition, arguing that it is untimely. (Docket No. 10.)

A one-year period of limitation applies to Hanaman's 28 U.S.C. § 2254 petition and this year runs from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

On November 4, 2003, Hanaman changed her not-guilty plea to guilty and was sentenced. She did not file an application to allow an appeal to the Maine Supreme Court

and, thus, was not able to file a petition for writ of certiorari with the United States Supreme Court. Hanaman's conviction became final on November 26, 2003. On March 12, 2004, Hanaman filed a petition for post-conviction review, which was 106 days (or on the 107th day) after her conviction and sentence were final. On March 21, 2005, Hanaman's post-conviction petition was denied orally, after an evidentiary hearing. Hanaman filed a notice of discretionary appeal and on June 22, 2005, the Maine Law Court denied the certificate for probable cause, and that order was entered on the Law Court docket on the same date. Hanaman signed this 28 U.S.C. § 2254 petition on May 16, 2006, see Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir.1999) (recognizing the prisoner mail box rule), and, as the State points out, this was more than two months (I count sixty-nine days) after the § 2244(d)(1)(A) statute of limitation expired.

Hanaman has written a response to the motion to dismiss. In this letter she relates that she knows that this petition is her "last chance or last ditch effort at getting a new sentencing hearing and/or trial." She stresses that she is "desperate" for the court's compassion. The substance of Hanaman's letter, however, does not address the statute of limitation concern or present any basis to consider tolling the one-year limitation period. See Neverson v. Farquharson, 366 F.3d 32, 41-44 (1st Cir.2004). Instead the letter argues the merits of her § 2254 petition, focusing on her state of mind when she entered her guilty plea.

I recommend that the Court **GRANT** the motion to dismiss (Docket No. 10) and **DENY** Hanaman 28 U.S.C. § 2254 relief.

## NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 12, 2006.

             /s/ Margaret J. Kravchuk
             U.S. Magistrate Judge